[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
The defendant, Andre Huckabee, is charged with aiding and abetting murder, conspiracy to commit murder, and carrying a pistol without a permit, which charges arise from a shooting on November 22, 1992 in which two persons were shot, one of whom died.
The defendant has moved to suppress a statement which he gave to the New Haven Police on December 11, 1992. The defendant claims:
1. The New Haven Police lacked probable cause to arrest the defendant as an escapee from Long Lane School and thus his statement must be suppressed as the fruit of an illegal arrest;
2. Conn. Gen. Stats. 17a-8 and 53-164 pursuant to which the defendant was "seized" are unconstitutional; and
3. The defendant's statement given while he was being held "incommunicado" at the New Haven Police Department should be suppressed.
From the evidence produced at the hearing of August 2, 1993, the court finds the following facts to have been proven which are relevant to the issues at hand.
In January of 1992 the defendant was adjudicated a delinquent and committed to Long Lane School as a serious juvenile offender on the charge of sale of narcotics. The defendant's commitment was scheduled to end on January 3, 1994, during which time he was not at liberty to leave that facility. CT Page 10027
In November of 1992 while the defendant was in New Haven, with one Perry Codianni, from Long Lane, for a job corps interview, the defendant escaped from the custody of Mr. Codianni by jumping from a second floor window of a bathroom. Mr. Codianni reported the escape of the defendant to Officer Smith of the New Haven Police Department. Additionally Mr. Codianni contacted his supervisor at Long Lane and a teletype was issued from the master control division at Long Lane. Such teletype is an order to pick up an escapee from Long Lane.
At the time of his escape, the defendant was literate, and was not educationally limited or handicapped, and was fairly street wise as a result of prior contact with the juvenile criminal justice system. At the time of the incident, the defendant was sixteen years of age.
On November 22, 1992 a homicide occurred at the Planet X night club in New Haven, and during the investigation thereof, the defendant was developed as a suspect and a witness by Det. Joseph Green of the New Haven Police Department. During the course of that investigation, Det. Green learned that Andre Huckabee was an adjudicated juvenile delinquent, who was in an escape status from Long Lane School.
On December 11, 1993, Det. Green observed the defendant at the Chapel Square Mall in New Haven and he was subsequently seized and taken into custody by members of the New Haven Police Department, the statement which is the subject of this motion was taken on December 11, 1993 while the defendant was in custody at the New Haven Police Department.
Prior to being questioned, the defendant was advised of his constitutional rights and he waived those rights. At no time during the interrogation of the defendant did he asks to have an attorney present, nor did he ask that his mother be contacted. The interview of the defendant lasted approximately one and one half hours, following which he was held for transportation back to Long Lane School.
Based, upon the above finding of fact, the court finds the defendant's arguments to be without merit. Clearly, the New Haven Police Department was authorized by 53-164 and 17a-8 of the Connecticut General Statutes to seize the defendant and take him into custody as an escapee from Long Lane School. Furthermore, the defendant has not satisfied his burden of proving that the CT Page 10028 statutory authority pursuant to which he was taken into custody is unconstitutional as applied to the facts as found.
The court further finds that the state has proven, by a preponderance of the evidence, that the statement of the defendant was knowingly and voluntarily given and that he had intelligently waived his Miranda rights. The defendant at no time requested the presence of a parent or an attorney. He suffered no mental or emotional impairment and was not a stranger to the criminal justice system. The fact that the defendant was sixteen years of age does not under the above circumstances, serve to invalidate an otherwise valid waiver of his Miranda rights. See State v. Whitaker, 215 Conn. 739 (1990).
For the above reasons the motion to suppress is denied.
Bruce W. Thompson, Judge